# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | | |
|---|---|---|
| LENNY MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.1:16-CV-082-O |
| | § | |
| JORGE CASTANEDA, Warden, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Lenny Martinez, a federal prisoner who was confined at FCI-Big Spring in Big Spring, Texas, at the time the petition was filed. After considering the petition and the relief sought by Petitioner, and the applicable law, the Court concludes that the § 2241 petition must be dismissed for lack of jurisdiction.[1]

## I. BACKGROUND

Petitioner Lenny Martinez was convicted in the United States District Court for the Middle District of Florida in cause number 8:11-CR-337-T-30 EAJ, of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), for which he received a sentence of imprisonment of 120 months. *See United States v. Martinez,* No.8:11-CR-337-T-30 EAJ (M.D. Fla. July 24, 2012 ) (Judgment, ECF NO. 65).[2] Although Martinez filed a direct appeal, that appeal was dismissed by the United States Court of Appeals for the

---

[1] See text *infra* at page 2-3, regarding authority to summarily dismiss a petition under § 2241.

[2] The Court takes judicial notice of the records of the court in *United States v. Martinez,* No.8:11-CR-337-T-30 EAJ. *See* Fed. R. Evid. 201(b)(2) and (c)(1).

Eleventh Circuit. *See Martinez v. United States,* No. 12-14124-FF (11th Cir. Sep. 13, 2013). Martinez then filed a motion under 28 U.S.C. § 2255 in the convicting/sentencing court, in which he asserted ineffective assistance of counsel claims. The court dismissed the § 2255 motion in an order entered on July 2, 2014.[3]

## II. ANALYSIS

In this petition under § 2241, Lenny Martinez asserts that he was given a two-point enhancement during his sentencing proceeding for a charge that was dropped in violation of his rights under the Sixth Amendment. Petition, ECF No. 1, at 5. More specifically, Martinez writes the following in support of this claim:

> There was no jury involved in this case. I pled guilty and in the agreement the gun charge was going to be dropped. I did not brandish or had it with me during the crime. I was not a convicted felon in possession of a firearm neither, the gun was in my closet at home in a box put away. I was still enhanced the 2 points violating my Sixth Amendment.

Petition, ECF No. 1, at 5. A review of the docket of Martinez's underlying criminal case shows that he has also raised similar arguments in a motion filed with the convicting court he entitled "Motion to Amend Presentence Report." The Florida district court summarily denied that motion in an order entered on January 18, 2017. *United States v. Martinez*, No.8:11-CR-337-JSM-AAS, (M.D. Fla. January 17-18, 2017) (Motion and Order, ECF Nos. 123-124).

A habeas corpus petition under 28 U.S.C. § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under § 2241 without

---

[3]The § 2255 motion and proceeding was assigned civil case number 8:14-CV-678-JSM-EAJ, *See Martinez v. United States,* No.8:14-CV-678-JSM-EAJ, No.8-11-CR-337-T-30 EAJ, 2014 WL 2988153 (M.D. Fla. July 2, 2014).

2

ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition if "from the petition and any attached exhibits that the petitioner is not entitled to relief").[4]

A motion under § 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam ) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir.2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir.2001)). The so-called "savings clause" provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2555(e) (West Supp. 2017). Under this "savings clause", the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir.2005) (per curiam ).

---

[4] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the court may apply any or all of such rules to habeas petitions not covered under section 2254. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered under section 2254.

Petitioner fails to show that the § 2255 remedy is either inadequate or ineffective to the test the legality of his detention. Petitioner cannot rely on § 2241 merely because he already sought relief under § 2255 and may now be limited in his ability to seek relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the United States Court of Appeals for the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher,* 342 F.3d at 382 (citing *Reyes-Requena,* 243 F.3d at 904 and *Jeffers,* 253 F.3d at 830).

In this case, Petitioner Martinez has not made these showings, and a review of the grounds asserted in this § 2241 petition show that he cannot make them. Petitioner does not attempt to demonstrate that he was convicted of a nonexistent offense. His petition in this case is limited to challenging the sentence that he received—namely the enhancement for possession of a gun. Pet. at 5, 7. Second, Petitioner does not seek to establish that he is actually innocent of the charges against him. *Id.* Indeed, because Petitioner challenges only his sentence, and not his conviction, his claims do not fall within the savings clause of section 2255(e). *See Brown v. United States,* No.2:11-CV-858, 2011 WL 7426968, at *1-2 (W.D. La. Oct. 3, 2011) (holding that § 2241 petition seeking relief challenging imposition of sentence under U.S.S.G. § 2D1.1(b)(1)[dangerous weapon possession] did not invoke the savings clause), *rep. and rec. adopted*, 2012 WL 629362 (W.D. La. Feb. 24, 2012); *see generally Padilla*, 416 F.3d at 427 (contrasting claims challenging a sentence from those

4

challenging a conviction); *Robertson v. United States,* 234 F. App'x. 237, 2007 WL 2005591, at *1 (5th Cir. 2007) (a challenge to the application of the Guidelines is not a challenge to the conviction itself, and [Petitioner's] "argument that he is actually innocent of being a career offender in light of *Leocal [v. Ashcroft* 543 U.S. 1 (2004)] 'is not the type of argument that courts have recognized may warrant review under § 2241'") (quoting *Kinder v. Purdy,* 222 F.3d 209, 213 (5th Cir. 2000)).

Accordingly, Petitioner Lenny Martinez is not entitled to relief under § 2241 and this petition under § 2241 must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (noting that since petitioner could not satisfy the § 2255 savings clause, district court's order denying petition was vacated, and case remanded with instructions to dismiss for lack of jurisdiction).

## III. ORDER

For the reasons discussed herein, it is therefore **ORDERED** that Petitioner Lenny Martinez's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction. [5]

**SO ORDERED** on this **29th day** of **September, 2017.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[5] Petitioner Martinez accompanied his § 2241 petition with a motion for leave to proceed in forma pauperis ECF No. 4. Martinez subsequently paid the applicable $5.00 filing fee. It is further **ORDERED** that the motion to proceed IFP is **DENIED** as moot.